IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JASON TRIMBLE, | No. CIV S-08-1379-CMK-P |
| Plaintiff, | |
| vs. | ORDER |
| SOLANO COUNTY JAIL, et al., | |
| Defendants. | |
| _____/ | |

    Plaintiff, a state prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983.  Pending before the court is plaintiff's complaint (Doc. 1), filed on June 18, 2008.

    The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  See 28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief from a defendant who is immune from such relief.  See 28 U.S.C. § 1915A(b)(1), (2).  Moreover, the Federal Rules of Civil Procedure require that complaints contain a ". . . short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

This means that claims must be stated simply, concisely, and directly. See McHenry v. Renne, 84 F.3d 1172, 1177 (9th Cir. 1996) (referring to Fed. R. Civ. P. 8(e)(1)). These rules are satisfied if the complaint gives the defendant fair notice of the plaintiff's claim and the grounds upon which it rests. See Kimes v. Stone, 84 F.3d 1121, 1129 (9th Cir. 1996). Because plaintiff must allege with at least some degree of particularity overt acts by specific defendants which support the claims, vague and conclusory allegations fail to satisfy this standard. Additionally, it is impossible for the court to conduct the screening required by law when the allegations are vague and conclusory.

Plaintiff claims that, because the Solano County Jail does not have a law library or provide any inmate legal assistance, he is being denied access to the courts. Prisoners have a constitutional right of access to the courts. See Lewis v. Casey, 518 U.S. 343, 346 (1996); Bounds v. Smith, 430 U.S. 817, 821 (1977); Bradley v. Hall, 64 F.3d 1276, 1279 (9th Cir. 1995) (discussing the right in the context of prison grievance procedures). This right requires prison officials to "assist inmates in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance from persons trained in the law." Bounds, 430 U.S. at 828. The right, however, only requires that prisoners have the capability of bringing challenges to sentences or conditions of confinement. See Lewis, 518 U.S. at 356-57. Moreover, the right is limited to non-frivolous criminal appeals, habeas corpus actions, and § 1983 suits. See id. at 353 n.3 & 354-55. Therefore, the right of access to the courts is only a right to present these kinds of claims to the court, and not a right to discover claims or to litigate them effectively once filed. See id. at 354-55.

As a jurisdictional requirement flowing from the standing doctrine, the prisoner must allege an actual injury. See id. at 349. "Actual injury" is prejudice with respect to contemplated or existing litigation, such as the inability to meet a filing deadline or present a claim. See id. Delays in providing legal materials or assistance which result in prejudice are "not of constitutional significance" if the delay is reasonably related to legitimate penological

purposes. Id. at 362.

In this case, plaintiff has not alleged any actual injury. In particular, he has not asserted that he has been unable to file a particular case or meet a deadline in a pending case. In addition, plaintiff has not alleged how defendant Gary R. Stanton is personally involved in the alleged denial of access to the courts.

Because it is possible that the deficiencies identified in this order may be cured by amending the complaint, plaintiff is entitled to leave to amend prior to dismissal of the entire action. See Lopez v. Smith, 203 F.3d 1122, 1126, 1131 (9th Cir. 2000) (en banc). Plaintiff is informed that, as a general rule, an amended complaint supersedes the original complaint. See Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992). Thus, following dismissal with leave to amend, all claims alleged in the original complaint which are not alleged in the amended complaint are waived. See King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987). Therefore, if plaintiff amends the complaint, the court cannot refer to the prior pleading in order to make plaintiff's amended complaint complete. See Local Rule 15-220. An amended complaint must be complete in itself without reference to any prior pleading. See id.

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). The complaint must allege in specific terms how each named defendant is involved, and must set forth some affirmative link or connection between each defendant's actions and the claimed deprivation. See May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Finally, plaintiff is warned that failure to file an amended complaint within the time provided in this order may be grounds for dismissal of this action. See Ferdik, 963 F.2d at 1260-61; see also Local Rule 11-110. Plaintiff is also warned that a complaint which fails to comply with Rule 8 may, in the court's discretion, be dismissed with prejudice pursuant to Rule 41(b). See Nevijel v. North Coast Life Ins. Co., 651 F.2d 671, 673 (9th Cir. 1981).

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's complaint, filed on June 18, 2008, is dismissed with leave to amend; and

2. Plaintiff shall file a first amended complaint within 30 days of the date of service of this order.

DATED: June 26, 2008

_____
**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE